IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY HEWITT<br>2627 Filmore Street<br>Philadelphia, PA 19137<br><br>　　　　Plaintiff<br><br>v.<br><br>PROFESSIONAL INSURANCE<br>CORPORATION,<br>135 Riverside Avenue<br>Jacksonville, FL 32202<br><br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  No.: |

## COMPLAINT

NOW COMES, the Plaintiff, Tracy Hewitt, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Professional Insurance Corporation, (hereinafter referred to as "Professional"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

**II.    FACTS:**

2.   The Plaintiff, Tracy Hewitt, is an adult and competent individual with a physical address of 2627 Fillmore Street, Philadelphia, PA 19137.

3.   The Defendant, Professional, under information and belief, is a business entity with a principal place of business located at 135 Riverside Avenue, Jacksonville, FL 32202.

4.   UNUM is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

5.   On a date certain, Professional, issued a policy providing disability insurance benefits under policy 52344718 to the Plaintiff through the Plaintiff's employer.

6.   The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

7.   At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

8.   At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

9.   At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Professional to the Plaintiff's

employer through policy number 52344718.

10. On a date certain, the Plaintiff filed an application for disability benefits with Professional.

11. By correspondence, Professional notified the Plaintiff that her claim was denied as she did not meet the definition for Total Disability.

12. The Plaintiff filed an administrative appeal and submitted additional medical records, including a Functional Capacity Evaluation in support of her claim, which shows by clear and convincing evidence that the Plaintiff was Totally Disabled.

13. By correspondence dated February 11, 2022, Professional denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

14. Professional acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Professional in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Professional in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Professional as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Professional, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from May 22, 2020 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Tracy Hewitt, respectfully requests that judgment be entered against Professional as follows:

1. Ordering Professional to pay to the Plaintiff, Tracy Hewitt, Long Term disability insurance benefits from May 22, 2020 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Tracy Hewitt, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP.
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com